THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSICA BOURGEOIS,** | * | **CIVIL ACTION NO.:** |
| **Plaintiff** | * | |
| | * | **SECTION:** |
| versus | * | |
| | * | **JUDGE:** |
| **MATRANA'S PRODUCE, INC.,** | * | |
| | * | **MAGISTRATE:** |
| **Defendant** | * | |

*************************************************

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Jessica Bourgeois, who respectfully alleges the following:

### I. PARTIES

1. Made Plaintiff herein is:

    a. JESSICA BOURGEOIS ("Bourgeois" or "Plaintiff"), a person of the full age of majority, and domiciled in the Parish of Jefferson, State of Louisiana.

2. Made Defendant herein is:

    a. MATRANA'S PRODUCE, INC. ("Defendant Matrana's"), a Louisiana corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

### II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this lawsuit is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, *et seq.* This Court has jurisdiction over the Louisiana state law claims asserted herein pursuant to 28 U.S.C. § 1367, as said state law claims form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c). Upon information and belief, Defendant Matrana's is a Louisiana corporation with contacts sufficient to subject it to personal jurisdiction in this District if this District were a separate state.

### III. FACTS

5. Defendant Matrana's is a Louisiana corporation distributing agricultural produce throughout the New Orleans metropolitan area with, upon information and belief, more than fifteen employees.

6. In February 2009, Defendant Matrana's hired Bourgeois to work a marketing/outside sales representative.

7. Bourgeois earned approximately $800 per week while employed with Defendant.

8. Beginning shortly after her hire date, Bourgeois's supervisor's son, Camile Matrana III, began sexually harassing Bourgeois.

9. Bourgeois repeatedly informed Camile Matrana III that she was not interested in a romantic relationship with him.

10. Bourgeois was also approached by Camile Matrana III's wife who suspected of a romantic relationship between Camile Matrana III and Bourgeois.

11. Bourgeois informed Camile Matrana III's wife that she was not engaging in, or interested in, a romantic relationship with Camile Matrana III.

12. On March 13, 2009, Bourgeois informed Camile Matrana, Jr., her supervisor and an owner of Defendant Matrana's, about his son's inappropriate conduct and that she hoped it

2

would not jeopardize her job.

13. Nevertheless, on April 2, 2009, Camile Matrana III sent inappropriate sexual text messages to Bourgeois ignoring her repeated attempts to make him stop.

14. On Friday, April 24, 2009, Bourgeois informed Anna and Jill Matrana about the Camile Matrana III's inappropriate conduct and informed them that she reported the behavior to Camile Matrana, Jr.

15. Nevertheless, on Monday, April 27, 2009, just three days later, Camile Matrana, Jr. and Anna Matrana informed Bourgeois that she was being terminated because of cutbacks in payroll.

16. Bourgeois's termination was in retaliation for her reporting sexual harassment and a hostile work environment.

17. Matrana acted with malice and/or reckless disregard for Bourgeois's federally protected rights.

18. Upon information and belief, Matrana's does not have a sexual harassment reporting policy.

19. Bourgeois filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 17, 2009, receiving Charge No. 461-2009-01846.

20. The charge of discrimination and the EEOC's investigation included claims of sexual harassment, hostile work environment, and retaliation.

21. The EEOC conducted an investigation of Bourgeois claims and on June 8, 2012, sent a determination letter wherein the agency found that the "evidence shows [Bourgeois] was sexually harassed and subjected to a hostile work environment by her co-worker, who was her boss's son. Like and related to this investigation, the Commission determined that [Bourgeois]'s

discharge was in retaliation for her complaint of discriminatory practices protected by the statute. Thus, based on the evidence, the Commission concludes that [Matrana's] has violated Title VII, by allowing [Bourgeois] to be subjected to a hostile work environment and discharging her in retaliation for complaining about a protected activity."

22. On July 31, 2012, the EEOC issued Bourgeois a Notice of Right to Sue Letter (Conciliation Failure).

## IV. CAUSES OF ACTION

### COUNT I: SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

23. Plaintiff, hereby incorporates all foregoing allegations by reference for the purposes of this count.

24. Title VII and the Louisiana Employment Discrimination Law prohibits discrimination in the workplace on the basis of sex.

25. Defendant Matrana's does not maintain a sexual harassment reporting policy and/or did not maintain such a policy between February 2009 to April 2009.

26. Camile Matrana III, Bourgeois's co-worker, repeatedly sexually harassed Bourgeois and subjected her to a hostile work environment.

27. Defendant Matrana's was aware of this conduct and did nothing, acting with malice and reckless disregard of Bourgeois's federally protected rights.

### COUNT II: RETALIATORY DISCHARGE

28. Plaintiff, hereby incorporates all foregoing allegations by reference for the purposes of this count.

29. Title VII and the Louisiana Employment Discrimination Law prohibits retaliation for reporting sexual harassment.

30. Plaintiff, on numerous occasions, reported that she was being sexually harassed and subjected to a hostile work environment by Camile Matrana III.

31. Not only was nothing done, but also Bourgeois was terminated for her reporting of the illegal conduct.

32. Defendant acted with malice and reckless disregard of Bourgeois's federally protected rights.

## V. DAMAGES

33. As a result of the foregoing, Bourgeois is entitled to an award of damages to include all compensatory, special, punitive and other damages as are reasonable in the premises, including, but not limited to:

   a. Back pay;

   b. Front pay;

   c. Past, present, and future emotional distress;

   d. Past, present, and future mental anguish;

   e. Medical expenses, past, present, and future;

   f. Punitive damages;

   g. Attorney fees;

   h. Expert witness fees,

   i. Judicial interest;

   j. Court costs; and

   k. All other relief to which she may be entitled by law or equity.

## VII. PRAYER

**WHEREFORE**, Plaintiff, Jessica Bourgeois, prays that after due proceedings had, there be judgment rendered in her favor, and that she be awarded compensatory damages, punitive damages, attorneys' fees, costs, legal interest, expert witness fees, and any other relief to which she is entitled under law and/or equity.

Respectfully submitted,

**SANGISETTY & SAMUELS, L.L.C.**

By: _____/s/ *Ravi K. Sangisetty*_____
       Ravi K. Sangisetty (#30709)
       Kara Hadican Samuels (#29234)
       610 Baronne Street, Third Floor
       New Orleans, Louisiana 70113
       Telephone: (504) 558-9478
       Facsimile: (504) 558-9482
       rks@sangisettylaw.com

ATTORNEYS FOR PLAINTIFF, JESSICA BOURGEOIS