**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JESSICA BOURGEOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2268** |
| **MATRANA'S PRODUCE, INC.** | **UNITED STATES MAGISTRATE** |
| | **JUDGE KAREN WELLS ROBY** |

**ORDER**

Before the Court is Defendant, Matrana's Produce, Inc., ("Defendant") **Motion for Expedited Hearing on Defendant's Motion to Strike Non-Disclosed Evidence (R. Doc. 55)** seeking expedited consideration of Defendant's **Motion to Strike Non-Disclosed Evidence (R. Doc. 54).** The underlying Motion to Strike Non-Disclosed Evidence is noticed for submission on September 11, 2013. The underlying Motion is opposed. (R. Doc. 58). The parties have a Final Pretrial Conference in this matter scheduled for September 6, 2013. (R. Doc. 60). Trial is set for September 9, 2013. (R. Doc. 8).

**I.       Motion to Expedite**

The Court's original scheduling order was issued on January 7, 2013, setting the deadline for all pretrial motions and motions in limine on July 24, 2013. (R. Doc. 5).[1] Defendant's filed the

---

[1]        The Court issued an Order on February 25, 2013, resetting the pretrial and trial dates from September 9 and September 16 to August 29 and September 9, 2013, respectively. R. Doc. 8. All other deadlines from the original scheduling order remained intact. *Id.*

underlying motion and motion to expedite on August 27, 2013.  *Id.*  Defendant's argue that its motion could not have been filed within the scheduling order deadlines because the evidence was not discovered until last week during the settlement conference with Judge Knowles.  (R. Doc. 54-1).

Defendant's contend that following this Court's Order denying in part Defendant's Motion for Summary Judgment as to Plaintiff's Title VII retaliation claim, the two recently revealed phone conversations are highly relevant to the Plaintiff's claim at trial.[2]  Defendant's also contend that Plaintiff intends to use the newly discovered evidence in support of her claims at trial.  Therefore, Defendant seeks expedited consideration of the underlying motion in light of the recent revelation of two "highly relevant phone conversations" Plaintiff intends to use at trial, which Plaintiff allegedly failed to disclose during discovery.  (R. Doc. 55).

In light of the facts presented before the Court, the Court finds that granting expedited consideration is appropriate.  The Court will now address the merits of the underlying motion.

## II.  <u>Motion to Strike Non-Disclosed Evidence</u>

The issue presented before the Court pertains to two telephone conversations that Plaintiff allegedly had during the time in between her report of harassment to the Defendant's and the date of her termination.

Rule 37(c)(1) provides that if a party fails to disclose information required by Rule 26, the party is not allowed to use that information as evidence at a trial, at a hearing or on a motion, unless the failure was either substantially justified or is harmless.  *See* Fed. R. Civ. P. 37(c)(1); *Morris v. Zerlin, et al.,* No. 07-02787, 2007 WL 3231546 at *4 (E.D. La. Oct. 29, 2007).  Furthermore, Rule 26(e) provides that a party who has responded to a discovery request, "must supplement or correct its

---

2    The Motion for Summary Judgment was granted in part as to Plaintiff's Title VII claim fo sexual harassment and creation of hostile work environment, but denied as to Plaintiff's Title VII retaliation claim.  R. Doc. 51.

disclosure or response in a timely manner if the party learns . . . that in some material aspect the response is incomplete or incorrect, [or] if corrective information has not otherwise been made known to the other parties during the discovery process."  *See* Fed. R. Civ. P. 26(e); *Canon U.S.A., Inc. v. S.A.M., Inc.,* No. 07-1201, 2008 WL 2522087, at *3 (E.D. La. June 20, 2008).

Here Defendant's seek to strike any evidence related to the two telephone conversations between Plaintiff and Tiffany Porsche on April 24, 2009, and between Plaintiff and Anna Matrana on Saturday, April 25, 2009, on the grounds that Plaintiff allegedly failed to disclose this information in her supplemental discovery responses and in her deposition testimony.  (R. Doc. 54-1).  Defendant's argue that Plaintiff's alleged withholding of this information is in violation of Rule 37(c).  (R. Doc. 54-1).  Because of this alleged violation, Defendant's contend all testimony and evidence related to the two phone calls should be stricken from the record.  *Id.*

Defendant's allegedly propounded initial discovery requests to Plaintiff on January 9, 2013, which requested production of all documents in support of Plaintiff's claims.  *Id.*  Defendant's contend that no evidence of the phone calls between Plaintiff and Matrana and Plaintiff and Porche were produced; only phone records from February 25, 2009 through April 24, 2009 were allegedly produced.  *Id.*  Defendant's subsequently propounded supplemental discovery requests which sought production of any documents, memoranda or records that relate to the allegations and any investigations in Plaintiff's complaint, but nothing specific to the weekend preceding her termination.  (R. Doc. 54-4).  On July 16, 2013, plaintiff produced the phone records at issue revealing several phone calls between she and Ms. Porche between April 24 - 27, 2009.  *Id.* [3]  Defendant's argue that Plaintiff purposefully withheld the phone conversations, although they were highly relevant to her

---

[3] The phone calls between Ms. Porche and Plaintiff occurred on April 24, 2009 at 4:30 p.m., 4:36 p.m., 6:53 p.m., 7:21p.m., 7:25 p.m., 9:30 p.m., 10:26 p.m., 10:27 p.m.; on April 25, 2009 at 3:35 p.m., 5:34 p.m., 5:57 p.m., 6:57 p.m., and 11:36 p.m.; on April 26, 2009 at 10:11 a.m., 10:40 a.m., 11:16 a.m., 11:58 a.m., 12:40 p.m., 5:52 p.m., 6:32 p.m., and on April 27, 2009 including but not limited to 11:14 a.m., 11:23 a.m., and 6:15p.m.  R. Doc. 54-4.

retaliation claim.

In opposition, Plaintiff's argue that the telephone records at issue were timely produced on July 16, 2013, as a supplement to Plaintiff's previous discovery responses. (R. Doc. 58). Plaintiff's contend that there was "no sinister motive" behind these documents not being produced at the outset of discovery, as the phone records and conversations between Anna and Plaintiff, and between Plaintiff and Tiffany Porsche were not requested in Defendant's initial discovery. *Id.* Plaintiff's also contend that Defendant's did not seek supplemental production requests or seek to re-depose Plaintiff. *Id.*

The Court takes note that Defendant's propounded a supplemental request which sought production of all documents and tangible things in support of Plaintiff's claims. However, in this request, Defendant's did not specifically request any additional phone records or information regarding the time between Plaintiff reported the harassment, on April 24, 2009, and the date of her termination, April 27, 2009. After Plaintiff responded to the initial requests with records ending on April 24, 2009, Defendant's were in an opportune position to seek additional discovery through her April 27, 2009 termination. Therefore, the Court is of the opinion that the evidence fails to support a finding that the Plaintiff purposefully withheld information.

Likewise, in analyzing Plaintiff's deposition, Defendant's failed to specifically ask whether Plaintiff had any communication with the Matrana's and or Tiffany Porsche during the two days after she reported the alleged harassment and her termination. (R. Doc. 16-2). Defendant's did not ask plaintiff whether she spoke with Porche or the Matrana's after she had reported the harassment, rather, Defendant's asked "[i]s there anything else you believe constitutes your retaliation claim?" (R. Doc. 54-3, Plaintiff's Deposition at p. 113). Accordingly, the Plaintiff's deposition transcript also does not support the Defendant's position that she purposefully withheld information.

4

Accordingly,

**IT IS ORDERED** that Defendant, Matrana's Produce, Inc., ("Defendant") **Motion for Expedited Hearing on Defendant's Motion to Strike Non-Disclosed Evidence (R. Doc. 55)** seeking expedited consideration of Defendant's **Motion to Strike Non-Disclosed Evidence (R. Doc. 54) is GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's underlying **Motion to Strike Non-Disclosed Evidence (R. Doc. 54)** is **DENIED** for the reasons assigned.

New Orleans, Louisiana, this 30th day of August 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**